IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANE DOE,

                Plaintiff,

v.                                                          Case No.  23-2548-JWB-TJJ

LYFT, INC. et al,

                Defendants.

**MEMORANDUM AND ORDER**

On May 27, 2025, Plaintiff's counsel filed a motion to remand this matter to state court and attached numerous exhibits to the motion. (Doc. 69.) Plaintiff's counsel also filed provisionally sealed exhibits in support of the motion to remand. (Doc. 70.) After filing the motion, Plaintiff's counsel realized that several exhibits attached to the motion (and not otherwise covered by the provisional file under seal) contained unredacted personal information regarding several Defendants. Plaintiff's counsel then filed the present motion to seal those exhibits to protect the personal information. (Doc. 74.) Plaintiff has not filed a motion to seal the exhibits that were provisionally filed under seal. *See* D. Kan. Rule 5.4.2(c).

Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The court has the "authority to seal documents before it, based upon the court's inherent supervisory authority over its own files and records." *United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013). The party seeking to seal the documents must articulate "a real and substantial interest that justifies depriving the public of access to the records that inform our

1

decision-making process." *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 905 (10th Cir. 2017) (citation omitted).

Plaintiff has not shown in her motion to seal any reason why there is a substantial interest in depriving the public access to the records in her motion. She is correct that exhibits 2, 13, 14, 16 and 17 attached to her motion to remand to state court contains personal, private information of the Defendants; however, this personal information can be protected by redacting it on the public docket rather than sealing the records from the public docket. Therefore, the motion to seal exhibits 2, 13, 14, 16 and 17 in Plaintiff's motion to remand is denied, and the motion, along with all exhibits at Docket entry 69 and 70, are struck from the record without prejudice as to the motion being refiled with proper redaction of personal information. If Plaintiff relies on personal information in her refiled motion, Plaintiff's unredacted motion is to remain under seal. Defendants' redacted memoranda and redacted exhibits are to be otherwise filed publicly.

### Conclusion

Plaintiff's motion to seal exhibits 2, 13, 14, 16 and 17 in her motion to remand to state court (Doc 74) is DENIED. Plaintiff's Motion to Remand to State Court and supporting exhibits (Doc. 69, 70) are STRUCK FROM THE RECORD without prejudice as to being refiled with proper redaction. Any documents or exhibits provisionally filed under seal must also have an accompanying notice and motion to seal in accordance with D. Kan. Rule 5.4.2. (*See also* Doc. 31 at 6, ¶ 7.)

IT IS SO ORDERED. Dated this 5th day of June, 2025.

                                                       __s/ John W. Broomes_____
                                                       JOHN W. BROOMES
                                                       UNITED STATES DISTRICT JUDGE